WINKELMAIER, Respondent, v. WEAVER, INTERPLEADER, Appellant.

1. Should the objection be taken, at the trial of an issue raised by an interplea in an attachment, that the interpleader only claims the attached property as *cestui que trust*, he should be permitted to substitute his trustee as plaintiff in the interplea.

*Appeal from St. Louis Court of Common Pleas.*

*Garesché* and *Bakewell*, for appellant.

I. The court should have allowed the amendment sought. The interplea was founded upon the claim made by the interpleader before the sheriff under the sheriff and marshal's act. (Sess. Acts, 1855, p. 464.) Weaver had an "interest" in the property attached. He was entitled to make claim to the property. The court erred in giving the instruction. (See 3 How. Prac. R. 322; Voorhies' Code, 193; 2 P. Wms, 758; 27 Mo. 229.)

*H. N. Hart*, for respondent.

NAPTON, Judge, delivered the opinion of the court.

This was a suit by attachment against Bonnet, and Weaver, interpleaded, claiming an interest in the property attached as assignee of one Umsted, who was the *cestui que trust* in a deed from Bonnet to Seay. Upon the trial, the case was disposed of by an instruction, that the claimant was not entitled to recover upon his interplea; for what reason is not stated, but it is presumed on the ground that the legal title

was in Seay and the claim should have been in his name. An offer was then made to substitute Seay as the claimant in place of Weaver, but this was not permitted.

We do not see any good reason why this case was not tried on its merits. The claim under the deed of trust was the one asserted, and it was of no consequence to the plaintiff in the attachment suit, in whose name it was preferred. We do not mean to say that in an ordinary suit the court ought to permit one plaintiff to be substituted for another after the evidence has shown that the one suing was not entitled to recover; but this proceeding was under the local act of 1853 concerning the duties of sheriff and marshal in St. Louis county, and authorizes any one having an interest in the property to set up his claim. Weaver had an equitable interest if the deed was valid, and he was the only one who did have any real interest, as there were no other beneficiaries in the deed. But conceding that the claim should have been in the name of the trustee, as the proper mode of proceeding under the act, we think the court, under the circumstances, should have allowed the amendment. It was merely formal and could not affect the merits of the case in any way.

Judgment reversed and cause remanded. The other judges concur.