SEVIER, *admr.*, *v.* SHAW, BARBOUR & CO.

LANDLORD'S LIEN. The *lien* of the landlord is a charge upon the crop for the payment of the rent, and accrues as soon as there is any crop upon which it may attach. It does not in any manner depend upon the maturity of the rent.

This *lien*, even before the rent falls due, takes precedence of a lien by attachment of the crop.

*Appeal from Arkansas Circuit Court.*

Hon. H. B. MORSE, Circuit Judge.

WATKINS & ROSE and GARLAND & NASH, for appellant.

The landlord's lien had priority over the attachment. *Drake on Attachment, secs.* 532, 223 ; 13 *Ala.*, 465 ; *Upham v. Dodd*, 24 *Ark.*, 548, *and cases cited; De Wolf v. Dearbon*, 4 *Pick.*, 466 ; *Rankin v. Schatzell*, 12 *Wheat.*, 177.

BELL & CARLETON, for appellee.

A landlord has no specific lien or title to crops raised by his tenant. When the landlord's rent falls due, he can bring his suit for his rent, within the time prescribed by the statute, and by so doing, has a lien over all other debts due by the tenant, *from the time the rent fell due.* We think the authority very clearly sustains us in this view of a landlord's lien. *Upham v. Dodd*, 24 *Ark.*, 548 ; *Hardeman v. Shumate, Meigs*, 402 ; *Ballentine v. Greer*, 6 *Yer.*, 267 ; *Lawrence v. Jenkins*, 7 *Yer.*, 494.

HARRISON, J.

Shaw, Barbour & Co. brought suit by attachment, in the Arkansas circuit court, against Robert G. Hunt. The attachment was levied on the 14th day of December, 1867, on the defendant's undivided interest in a lot of cotton; and at the November term, 1868, they recovered judgment against him, by default. At the same term, Ambrose H. Sevier, under the provision of section 257, of the Code of Civil Practice, presented to the court a complaint, in substance as follows : That the cotton attached was raised and produced in 1867, upon a plantation demised and rented by him, for the year, to Richard H. Johnson, and which Johnson and Hunt cultivated that year in partnership; that the rent of said plantation became due on the 31st of December, 1867, and was still unpaid ; that, to enforce his lien upon the crop for the rent, after the same became due, he brought suit in that court, by attachment, against Johnson, and attached the cotton in the hands of the

sheriff, and at the then present term recovered judgment against him, by default, and claiming that his lien upon the cotton for rent was prior and paramount to that obtained by Shaw, Barbour & Co., by their attachment upon it, and praying the court to order the proceeds of the cotton when sold to be first applied to the satisfaction of his judgment against Johnson, and to make such other order as might be necessary to protect his rights in the premises.

Shaw, Barbour & Co. demurred to the complaint. The court sustained the demurrer, and adjudged that the lien of their attachment was prior and paramount to Sevier's lien for rent, and ordered that the proceeds of the cotton be first applied to the satisfaction of their judgment. Sevier appealed.

The lien of the landlord is a charge upon the crop for the payment of the rent, and accrues as soon as there is any crop upon which it may attach, and does not in any manner depend upon the maturity of the rent.

Were it not so, it would depend entirely upon the will of the tenant whether the landlord obtained a lien or not, for he could sell or dispose of the crop before the rent fell due, and so deprive him of his security.

The act of December 28, 1860, which gives the landlord the process of attachment for enforcing his lien, declares that the proceeding may be commenced before the rent is due.

We are, therefore, of the opinion that Sevier's lien for rent was prior and paramount to Shaw, Barbour & Co.'s attachment, and that the court erred in sustaining the demurrer and rendering judgment in their favor.

The judgment of the court below is therefore reversed, and the cause remanded, to be proceeded in according to law.