## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS,

AT THE

## DECEMBER TERM, A. D. 1871.

---

### ADAMS et al. v. HOBBS.

LANDLORD—*Lien of, when attaches.*—The lien of the landlord, for rent, is a charge upon the crop, and accrues as soon as there is any crop upon which it may attach.

SAME—*Enforcement of, by Attachment.*—Under the Act of December 28, 1860, the process of attachment was designed to give the landlord a more efficient remedy for the enforcement of his rights under the lien, and the attachment, when issued, relates back, as enforcing the lien, to the time when the lien accrued.

PRACTICE—*Judgments in Attachment where Interplea.*—Under the Act of January 9, 1861, where property attached is interpleaded for, the judgment, when against the defendant in the original suit, should be against him with an order of execution against the property attached, in the event the interplea should be determined in favor of the plaintiff.

INTERPLEADER—*Judgment on.*—On trial of the interplea, if the property be found subject to the attachment, the judgment should be that the plaintiff have execution against the property, and if the same is not delivered to the sheriff by the interpleader, on demand, that execution issue, on the return of the facts in the *scire facias* by the sheriff, against the interpleader and his securities.

APPEAL FROM PULASKI CIRCUIT COURT.

HON. JOHN WHYTOCK, *Circuit Judge.*

*Watkins & Rose,* for Appellants.

There was no breach of the bond, under the law at that

time, until after execution against the interpleader, and a failure by him to deliver up the property. *See Acts* 1860, *p.* 299.

The bond was conditioned to deliver to the "sheriff or his successor in office, whenever demanded by such sheriff, after execution upon such judgment should come to his hands to be levied therein." The law on the subject has never been changed, and no change could affect the liability of the sureties after the execution of the bond. *Woodruff vs. State,* 3 *Ark.,* 285; *Curran vs. State,* 12 *Ark.,* 321.

*Garland & Nash* and *Wassell & Moore,* for Appellee.

The only point in the case has already been decided by this court, directly upholding the decision of the court below. *Sevier vs. Shaw, et al.,* 25 *Ark.,* 417.

We submit, the case ought to be affirmed, with damages. 14 *Ark.,* 171; 10 *Ark.,* 494.

SEARLE, J.—The statement of this case, as far as may be necessary to evolve the questions to be decided, is simply as follows:

The appellee brought suit, by attachment against one Zane, in the Pulaski Circuit Court. The attachment was levied on the 30th day of December, 1867, upon Zane's cotton (85 bales) to enforce a landlord's lien, under a lease, from Hobbs to Zane, of the plantation upon which the cotton was produced. Pending the attachment, Adams, one of the appellants, having, by interplea, claimed the cotton, so levied upon, under a mortgage executed subsequently to the execution of said lease, and before the attachment was levied, and upon his executing a bond, with Tibbetts and Taylor as securities, in favor of Hobbs, the cotton was turned over to him on the 1st day of January, 1868. The trial came on to be heard, at the May term, 1869, of the Pulaski Circuit Court. On the 1st day of July, 1869, judgment by default was rendered against Zane,

in the attachment suit. On the same day the interplea was tried by the court, sitting as a jury, and judgment rendered against Adams, the interpleader, and Tibbetts and Taylor, his securities, from which they appeal to this court.

By the assignment of errors, two questions are presented for consideration, namely:

*First*—Was the landlord's lien paramount to the lien created by the mortgage?

*Second*—Was the judgment, on the trial of the interplea, properly rendered against the appellant and his securities?

The first inquiry is virtually answered by the opinion of this court, in *Sevier, adm'r, vs. Shaw, Barbour & Co.*, 25 *Ark.*, 417. In that case, this court held "that the lien of the landlord is a charge upon the crop for the payment of the rent, and accrues as soon as there is any crop upon which it may attach, and does not in any manner depend upon the maturity of the rent. * * * The Act of December 28, 1860, which gives the landlord the process of attachment for enforcing his lien, declares that the proceeding may be commenced before the rent is due." The process of attachment is simply designed to give the landlord a more efficient remedy to enforce his rights under the lien, when the tenant is disposed, fraudulently, to remove the crops from the premises and dispose of them. From the above observations, it will be seen that, as soon as the writ of attachment is sued out, it relates back as enforcing the landlord's lien, as soon as his right to a lien accrues. In the case before us, Adams took the mortgage subject to the lien, as the same was executed after the lien had accrued. The judgment, therefore, of the court below, in declaring the cotton in controversy subject to the levy of the attachment, was not erroneous.

*Second*—The other question is: was the judgment, upon the determination of the interplea, properly rendered against the interpleader and his securities upon the bond? This interplea was interposed and determined under the provisions of the Act of January 19, 1861, and from this Act we must

determine whether or not the judgment was properly rendered.

This act (Sec. 1.) provides that when any sheriff shall levy a writ of attachment upon any property claimed by any person, not a party to such writ, such person may reclaim such property, by making oath that the property is his, and by giving bond, in favor of the plaintiff in the attachment suit, with good and sufficient securities, etc., conditioned that he will interplead at the term of the court to which the writ shall be returnable, and that he will prosecute such interpleader to judgment, without delay. And further, the act requires that if the plaintiff shall recover judgment against the defendant, (in the original suit) the property so reclaimed shall be delivered to the sheriff, or his successor in office, whenever demanded by such sheriff, after execution upon such judgment (in the original suit) shall come to his hands to be levied thereon, etc.; and then it provides that if any person, to whom such property is so returned, shall refuse or neglect to deliver the property to the sheriff, according to the condition of the bond, it is made the duty of the sheriff to return the writ of *fieri facias* issued, upon the judgment rendered in the original suit, setting forth the facts that the condition of the bond has been broken. It is also provided that the bond shall contain that, in case the property so levied upon shall not be delivered as provided for in the act, it shall have the force and effect of a judgment, etc. And *Sec.* 2, of the act, provides that on the return of the writ, showing the forfeiture of the bond, execution shall issue against all the obligors in the bond, etc.

In the case before us, we find that the court first tried the original suit, rendered judgment by default against Zane, and *ordered execution against the cotton attached*, in the event that the interplea should be determined in favor of the plaintiff. The court then tried and determined the interplea, finding that the cotton levied on was subject to the attachment, and rendering the following judgment:—" It is thereupon considered

that said plaintiff have execution against said cotton, and if the same is not delivered to the sheriff of Pulaski county, by said interpleader, on demand, that execution issue on the return of the facts in the *fieri facias*, by said sheriff, against John D. Adams, Jonas M. Tibbetts and Charles M. Taylor, on the interpleader bond, for the sum of two thousand nine hundred and five dollars, or so much thereof as will be sufficient to satisfy the said damages and costs," etc. It will be seen from the above brief synopsis of the act of January 19, 1861, and the trials and judgments in this case, under the provisions of this act, that the latter followed the former with almost unnecessary particularity. The act requires that execution shall issue upon the judgment, in the original suit, against the defendant, in this case, *in rem*, against the cotton alone, by the agreement of the parties, and that in the event the property is not re-delivered, the sheriff shall return the *fieri facias*, with a showing that the condition of the bond is broken. So the court adjudged and ordered in almost the language of the act. The act requires that on such return and showing of the forfeiture of the bond, the clerk shall issue an execution, in favor of the plaintiff, against all the obligors in the bond, and so the court ordered. We cannot therefore discover that there was any error in the court below in this matter.

Finding no error in any of the proceedings in the trial and disposition of this case, in the court below, the judgment is affirmed with costs.