Dickenson and Wife v. Harris & Cotham.

---

## DICKENSON AND WIFE v. HARRIS & COTHAM.

1. PRACTICE: *Parties, when contract made with one for benefit of another.*

    When a contract is made by one party in his own name for the benefit of another, suit for its enforcement may be brought in the name of either alone, or of both jointly; except that in suits by a trustee for the collection of a fund and its distribution by the court, the beneficiary is a necessary party with the trustee.

2. SAME: *Same. Suit in equity to enforce lien for rent.*

    In an action in equity against the purchaser of a tenant's crop to enforce the landlord's lien for rent, the party with whom the contract of rent was made for the benefit of the landlord, may sue alone, or may join the landlord with him, either at the commencement of the suit, or afterwards by amendment, either before or after the time for commencing the suit has expired.

3. SAME: *Same.*

    A bill to enforce a landlord's lien for rent should not be dismissed on demurrer because the contract sued on shows that the amount claimed is for rent and the hire of personal property combined, without separating the two. The plaintiff has an equity to enforce the lien to the extent of the rent he may prove at the hearing.

APPEAL from *Drew* Circuit Court, in Chancery.
Hon. J. M. BRADLEY, Judge.

Dickenson and Wife v. Harris & Cotham.

*U. M. & G. B. Rose,* for appellants.

The bill in this case contained all the allegations essential to constitute a good ground for relief in equity, and the demurrer should have been overruled. The right of plaintiffs to require the defendants to account for the cotton is clear, and their bill in equity was the proper form in which to bring the action. The lien of a landlord is not affected by a sale to a purchaser with notice. *34 Ark., 691.* The remedy is by bill in equity. *36 ib., 575; 44 ib., 110.*

If the complaint was imperfect, or insufficient in allegation, defendants' remedy was by motion to make more definite and specific, not by demurrer. *31 Ark., 379; ib., 657; 32 ib., 131; ib., 315; 33 ib., 405; 38 ib., 393.*

The suit was properly brought in name of J. W. Dickenson. The contract was made in his name for the benefit of his wife. *Pom. Rem., etc., sec. 175; Mansf. Dig., sec. 4936.*

*Wells & Williamson,* for appellees.

1. *Sec. 4933 Mansf. Dig.* requires all actions to be brought in the name of the real party in interest.

2. The amount sued for was for rent of land, horses, mules, gear, implements, etc., and is so combined that it is impossible to tell how much is for rent of land. Appellants had no lien for rent of mules, implements, etc. *Story Eq. Pl., secs. 271, 280, 278, and note 1; 14 Ark., 363; 22 ib., 227.*

3. It nowhere clearly appears in the complaint that appellees purchased the cotton with notice of appellants' lien. *Story Eq. Pl., secs. 257, 263.*

4. Appellants' lien was barred after six months. *Sec. 4453, Mansf. Dig.; 37 Ark., 115.* A new complaint with a

new party plaintiff should not have been allowed to be filed after the statute bar had run. *17 Ark., 609.*

COCKRILL, C. J. The appellants' complaint in equity against the appellees, to compel them to account for the proceeds of cotton which it was alleged they purchased from the appellants' tenants with notice of the landlord's lien, was dismissed by the court upon demurrer. 

1. PARTIES: Contract by one for benefit of another.

The suit was instituted within the life of the lien by J. W. Dickenson alone. The complaint discloses that the land belonged to his wife; that in leasing it for the year in question he acted as her agent; but that the contract was made by him with the tenants in his own name. A note for the rent executed by the tenants and containing the terms of the lease is made a part of the complaint, and is payable to the "order of J. W. Dickenson, attorney."

After the time for instituting suit to enforce a landlord's lien had expired, Dickenson's wife, the real party in interest, was made a party plaintiff with him, and the appellees' argument is that this must be regarded as the real date of beginning the suit, and that it is by the adjudged cases out of time.

The statute provides .that every action shall be prosecuted by the real party in interest, except that "an executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name a contract is made for the benefit of another, or the state, or any officer thereof, or any person expressly authorized by the statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted." *Mansf. Dig., sec. 4936.*

It is apparent that J. W. Dickenson is not the real party in interest, but he is a party with whom and in whose name a contract is made for the benefit of another, and as

such he comes within the limitation upon the general requirement as to interest made by the statute cited, and is authorized to sue in his own name, notwithstanding the beneficial interest is in another. This provision is found in the codes of other states, and it has generally received the construction which its language obviously indicates. *Bliss Code Pldg.*, secs. *55, 53; Pomeroy's Remedies*, sec. *175; Considwant v. Brisbone*, *22 N. Y.*, *389; Pitney v. Glens Falls Ins. Co.*, *65 ib.*, *6–18; Scantlin v. Allison*, *12 Kan.*, *85; Rice v. Lareny*, *22 Iowa*, *471; Ely v. Porter*, *58 Mo.*, *158; Durfree v. Morris*, *49 ib.*, *55; Pindall v. Trevor*, *30 Ark.*, *249.*

In *Boyd, as trustee, v. Jones*, *44 Ark.*, *314*, it was held that the person to be beneficially interested was a necessary party to that suit because the object of the bill was not only to collect the fund, but to have the court administer or distribute it; but it is there said that if the only object was to recover the fund so as to enable the trustee afterwards to distribute it agreeably to the trust, it was unnecessary to bring before the court the parties beneficially interested.

2. SAME: Same: Amendment.  The only object of J. W. Dickenson's suit was to collect the rent. The resort to equity was made necessary only by reason of the change in the form of the property upon which the lien was impressed. (*Reavis v. Barnes*, *36 Ark.*, *575; Anderson v. Bowles*, *44 ib.*, *110.*) This suit in no wise affected his relations with his wife, who held the beneficial interest, and she was not a necessary party. *Carey v. Brown*, *92 U. S.*, *171.*

It is not essential, however, that the party in whose name a contract is made should become plaintiff. The real party in interest may sue, as was done in the case similar to this, of *Nolen v. Royston*, *36 Ark.*, *561; Hunnicut v. Kirkpatrick*, *39 ib.*, *172; Bliss Code Pldg.*, sec. *58.* As

this suit was legally instituted by J. W. Dickenson within the time prescribed by the statutes, the defendants could sustain no injury by permitting the person holding the beneficial interest, and who might have sued alone or as co-plaintiff with J. W. Dickenson, to be joined as party plaintiff at any time after the institution of the suit. *Wilkelmaier v. Weaver, 28 Mo., 358; Price v. Wiley, 19 Texas, 142.*

It is further insisted that the order of dismissal is right because the contract shows that the amount claimed is for rent and the hire of personal property combined without separating the two, but this fact does not destroy the equity of the bill to enforce whatever lien there may have been upon the cotton for rent of the land. *Harris v. Hanks, 25 Ark., 510.* The amount due as rent is a question of fact to be determined by the proof (*Varner v. Rice, 39 Ark., 344; Roth v. Williams, 45 ib., 447*), and the bill alleged that the hire of the property named was worth nothing, and the whole amount claimed was for rent of the demised premises.

The appellees could take nothing upon their demurrer.

We have avoided saying anything about the allegations in the bill seeking to compel the appellees to account for money collected by them upon a policy of insurance against loss by fire on a part of the crop. The facts are indefinitely set forth, and the question has not been argued by counsel. Sufficient is seen to reverse the decree and the parties can make their issues as to this question, if desired, in a more tangible form.

Reverse and remand, with directions to overrule demurrer.

3. SAME: Bill to enforce lien for rent, &c.