SMITH v. CALDWELL.

Opinion delivered April 7, 1906.

EVIDENCE—VARYING WRITTEN CONTRACT BY PAROL.—A written contract in terms for the rent of land, with an option in the lessee to purchase, can not be shown by oral testimony to have been intended as a sale.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

The plaintiff, A. S. Caldwell, commenced an action at law against the defendants, J. P. Smith and H. W. Long, to recover the amount of a note, dated September 23, 1897, and payable October 1, 1898, for $324, given for rent of certain lands in Monroe County. The note recited the fact that it was given for rent of the lands described.

The defendants answered, in substance, that they purchased said lands from plaintiff for the sum of $2,576, payable in installments (the note sued on being the installment for the year 1898). That they went into possession of the land, and made valuable improvement thereon, and rented the same out for the year 1898 to various tenants, who raised crops of cotton thereon. That on January 15, 1899, plaintiff entered upon said land, and took charge of same, and prevented their tenants from gathering the crop, consisting of about twenty bales of cotton, of the value of $400, and that they again rented the place for the year 1899 for the rental sum of $600, and that plaintiff interfered with the tenants, and prevented them from occupying and cultivating said lands. The answer was made a cross-complaint, and contained a motion to transfer the cause to equity, which was done. The plaintiff filed an answer to the cross-complaint, denying all the allegations thereof.

The contract between the parties introduced in evidence was in form of a rent contract for a term of years, giving the defendants an option to purchase the lands for a price named. It was the same form of contract used by the parties in the case of *Carpenter* v. *Thornburn,* 76 Ark. 578, and contained the following clause:

"Time being of the essence of this contract, it is especially agreed and understood that if either of said rent notes, and the sums to be paid as rent, be not promptly paid at maturity, or if the taxes due for any one of the years mentioned be not promptly paid to the lessor, then this lease, including the option to purchase hereinafter mentioned, shall, without notice, terminate and cease, and the lessor and his agents shall be entitled to

immediate possession of the leased property, and said lessee shall be liable to said lessor for such of said rent notes as may have matured and remain unpaid and for the then current year, though the same shall not have matured, and said lessee shall thereupon be further liable to said lessor in liquidated damages in the sum of one-half of the face of such rent notes as represent rents for future years, and said lessees shall not be entitled to any credit on this amount by reason of any sums said lessor may collect as rent from others for such future years, and all such sums above provided for shall be held to become due and payable to said lessor at once upon such termination of such lease and option as aforesaid."

The court sustained exceptions to parts of the testimony of defendants which tended to contradict the terms of the written contract by showing that it was intended to be a contract for the sale of the land, and not for rent, according to its express terms; and rendered a decree in favor of the plaintiff for the full amount of the note and interest. The defendants appealed.

*M. J. Manning* and *C. F. Greenlee,* for appellants.

*N. W. Norton,* for appellee.

McCULLOCH, J., (after stating the facts.) The court properly sustained exceptions to the testimony contradicting the terms of the written contract. It was a contract for rent, and not for sale of the land (*Carpenter* v. *Thornburn,* 76 Ark. 578), and oral testimony was not admissible to contradict or vary its terms. *Colonial & U. S. Mortgage Co.* v. *Jeter,* 71 Ark. 185.

According to the express terms of the contract, time being of the essence thereof, the defendants, having failed to pay the rent for the year 1897, were not entitled to hold possession for the succeeding year, nor to claim reimbursement for improvements made on the leased premises.

The chancellor found that the plaintiff did not take possession of the crop on the farm, nor interfere with the defendants or their tenants in gathering the crop. The findings of the chancellor seem to be supported by the preponderance of the testimony and should not be disturbed. The rent was past due, and defendants, acording to their own admissions, had gathered and sold six bales of cotton without paying the rent. Plaintiff, there-

fore, had the right to go upon the premises to look after the collection of rent, and the threat to attach the crop for the rent was not an unwarranted interference with the tenants. The evidence does not establish an interference to any further extent.

Plaintiff received the sum of $14.25 of the proceeds of cotton, and the same should have been credited on the note. This small item was doubtless overlooked by the chancellor. The decree will be modified by reducing the amount decreed to the extent of that sum with interest from the date of payment. In all other respects the decree is affirmed.