MURPHY v. MYAR.

Opinion delivered May 2, 1910.

1. SALE OF LAND—ELECTION TO TREAT AS TENANCY.—The parties to a contract for the sale of land may contract that upon the vendee's failure to pay any installment of the purchase money the contract of

sale shall be void and the premises shall revert to the vendor, and that the relation of landlord and tenant by the year shall arise. (Page 35.)

2. SAME—CONSTRUCTION OF CONTRACT.—A contract for the sale of land stipulated that, upon failure of the vendee to pay any installment of purchase money the contract of sale should be terminated and the relation of landlord and tenant should arise for one year from December 1 immediately preceding the date of default. The contract was entered into on January 28, 1908, and the first installment of purchase money fell due on December 1 following, and was not paid when due. *Held* that by the terms of the contract the vendee became a tenant of the vendor, and his tenancy related back to January 28, 1908. (Page 36.)

3. LANDLORD AND TENANT.—LIEN—COMMENCEMENT.—A landlord's lien becomes a charge upon the tenant's crop as soon as it comes into existence. (Page 37.)

4. SAME—CONVERSION OF PROPERTY SUBJECT TO LIEN.—One who wrongfully takes and sells property upon which a landlord's lien exists is liable in equity to the landlord for the loss or destruction of his lien. (Page 37.)

5. PARTIES—NONJOINDER—WAIVER.—The objection to a complaint that there is a defect or nonjoinder of parties plaintiff is waived unless it is raised by a specific demurrer. (Page 38.)

Appeal from Columbia Chancery Court; *James M. Barker*, Chancellor; reversed.

*Lile & Hawkins*, for appellant.

A lien may be retained upon the crop on land to secure the payment of the purchase price thereof. 60 Ark. 595.

*C. W. McKay*, for appellee.

If the vendee fails to exercise his option to purchase within the time limit, his contract to pay rent is absolute. 61 Ark. 270. A landlord's lien for rent will, even before it is due, take precedence over a lien by attachment. 25 Ark. 417; 27 Ark. 1. The remedy of a landlord for the recovery of rent is by specific attachment while in the defendant's possession, or, after sale, by suit in equity to recover payment out of the proceeds. 36 Ark. 576; 72 Ark. 132; 48 Ark. 357; 44 Ark. 110; 56 Ark. 501. A purchaser with notice of the landlord's lien is liable for the rent. 31 Ark. 470.

FRAUENTHAL, J. This was an action instituted by the appellee in the chancery court to recover the amount of rent for certain land, which he alleged he leased to one of the defend-

ants for the year of 1908, and to fix his landlord's lien on the proceeds of the cotton raised on the land during that year in the hands of the other defendants, who, he alleged, had purchased the cotton with notice of said rent, and by sale had wrongfully converted same; and to secure a judgment against the defendants for the amount of said rent.

In January, 1908, the appellee entered into a contract with Eph. H. Hicks, by which he agreed to sell to him certain land in Ouachita County upon deferred payments to be made in four installments of $375 each, the first of which was to be made on December 1, 1908, and the others on December 1 of each year thereafter. The contract further provides:

"But in case the said second party shall fail to make the payments aforesaid, or any of them, punctually and upon the strict terms and at the times limited, and likewise to perform and to complete all and each of the agreements and stipulations aforesaid strictly and literally, without any failure or default, time being of the essence of this contract, then this contract shall, from the date of such failure, be null and void, and all right and interests hereby created or then existing in favor of the said second party, his heirs or assigns, or derived under this contract, shall utterly cease and determine, and the premises hereby contracted shall revert to and revest in said first party, his heirs or assigns (without any declaration of forfeiture or reentry, or without any other act by said first party to be performed, and without any right of said second party of reclamation or compensation for moneys paid or improvements made), as absolutely, fully and perfectly as if this contract had never been made. And it is hereby further covenanted and agreed by and between the parties hereto that, immediately upon the failure to pay any of the notes above described, all previous payments shall be forfeited to the party of the first part, and the relation of landlord and tenant shall arise between the parties hereto for one year from December 1, immediately preceding the date of default, and the said party of the second part shall pay rent at the rate of one hundred and seventy-five dollars for occupying the premises from the said December 1 to the time of default, such rent to be due and collectable immediately upon such default."

Hicks went into possession of the land under the above contract, and cultivated and raised on the land ten bales of cotton during the year of 1908. He sold nine of these bales prior to December 1, 1908, to the appellants, and sold one bale to them after that date. At the time of the purchase of the cotton the appellants had full notice of the above contract under which Hicks held the land. Hicks failed to pay to appellee the first installment on the land on December 1, 1908, or at any time thereafter. The appellants sold the cotton for a sum far in excess of $175, the amount of the alleged rent.

The appellee made the above allegations in his complaint, and the appellants denied these allegations in their answer, and also incorporated in the answer a general demurrer to the complaint, which was overruled.

Upon the hearing of the cause the chancellor found that the allegations in the complaint were sustained by the evidence adduced in the case. He found that the relation of landlord and tenant existed between appellee and Hicks, and that there was due to appellee $175 for rent of said land for 1908. He declared the amount of said rent a lien on the proceeds of the cotton which had been sold and converted by appellants, and entered a judgment in favor of appellee and against appellants therefor.

Contracts similar to the one entered into by appellee and Hicks relative to said land have been construed by this court several times, and the nature and effect thereof determined. By the first clause of the contract an agreement to sell the land was made, but only upon an express condition of payment of the purchase money at a stated time. Upon the failure to perform that condition, the relation of landlord and tenant existed between the parties, which related back to the time of the execution of the contract. In the case of *Ish* v. *Morgan*, 48 Ark. 415, in speaking of such a contract, this court said: "The first stipulation of the contract is one of purchase and sale. It binds the vendor to convey to the defendant; but to the terms of this agreement there is annexed the condition that, in case of failure of performance of the agreement to pay the first installment of purchase money, the intended vendee shall thereafter pay rent for the use of the land. It was certainly competent for the parties to enter into a binding agreement of this nature.

* * * The vendee here has in effect agreed that his rights shall depend upon .the scrupulous adherence to the engagement he made to pay the purchase price, and that time should be a material consideration in the contract. The contingency thus provided for by the vendor had occurred, * * * and the defendant was then holding under his agreement to account to the owner for the rental value of the land." *Block* v. *Smith,* 61 Ark. 266; *Thomas* v. *Johnston,* 78 Ark. 574; *Colonial & U. S. Mortgage Co.* v. *Jeter,* 71 Ark. 185; *Carpenter* v. *Thornburn,* 76 Ark. 578; *Smith* v. *Caldwell,* 78 Ark. 333.

By the terms of the contract involved in this case it is manifest that it was the intention of the parties thereto that their relation should be determined by the performance or failure to perform the condition of payment named in the contract. If the condition was performed, then the relation of vendor and vendee should exist; but if it was not performed, then the relation that should exist between them was that of landlord and tenant. The relation that thus was created and arose between the parties sprung from the contract, and began with its execution, whether it was that of vendor and vendee or of landlord and tenant. The exact nature of the relation that would exist was determined on December 1, the date of the performance or non-performance of the condition, but the inception of that relation arose at the date of the making of the contract. So that when, by the performance or non-performance of the condition, the relation between the parties was determined, that relation went back to the time of the execution of the contract and continued thereafter. In the case of *Thomas* v. *Johnston,* 78 Ark. 574, the rule is thus quoted with approval from 18 Am. & Eng. Enc. Law, pp. 168-169:

"The parties to an agreement for the sale of land may also contract with the right, at the election of either party in the future, upon the performance or non-performance of. certain conditions, to treat the transaction either as a purchase and sale contract or a lease; and if the election is made to treat it as a tenancy, it relates to the time of making the contract, and the relation of landlord and tenant, with all the incidents and liabilities, will be regarded as having begun at that time."

Under the terms of the contract herein Hicks was the tenant of appellee upon his failure to make the payment of the

purchase money on December 1, and his tenancy related back and began on January 28, 1908, the date when the contract was made, and continued from that date.

The lien of the appellee as landlord became a charge upon the crop raised upon the land as soon as it came into existence. *Sevier* v. *Shaw,* 25 Ark. 417; *Adams* v. *Hobbs, 27* Ark. 1.

It was immaterial, in the enforcement of the lien upon the cotton so raised on the land, whether the appellants purchased it prior to or after December 1, 1908, if they purchased with notice of the appellee's rights as landlord. This they did, under the evidence. The appellee had a lien on this cotton for the payment of the rent of the land; and, after the appellants had, with notice of his rights, purchased the cotton from the tenant, and by sale had wrongfully converted it, the appellee had a right to fix his lien on the proceeds thereof in equity, and in that court to obtain judgment against appellants therefor. In the case of *Judge* v. *Curtis, 72* Ark. 132, the rights and remedies of an owner of personal property and of a holder of a lien on such property wrongfully converted by another are thus stated:

"When the plaintiff is the absolute owner of the property taken and sold, * * * he must sue at law for the value of the property against the wrongdoer, and thus be indemnified for the loss he has been put to by the deprivation. Where the plaintiff has a lien on the property taken and sold by the conversioner, * * * his remedy is in equity, not for the value of the property taken, for he is not in that case the owner thereof, but to fix his lien upon the proceeds of the property in the hands of the conversioner, it being an equitable doctrine that a lien may be fixed upon the proceeds of the property where the lien on the property itself has been destroyed by the wrongdoer." The party who wrongfully takes and sells property upon which a landlord's lien exists is liable to the landlord for the violation or destruction of his lien, and in a court of equity can be made to account for such liability. *Reavis* v. *Barnes,* 36 Ark. 575; *Anderson* v. *Bowles,* 44 Ark. 108; *Dickenson* v. *Harris,* 48 Ark. 355; *Merchants & Planters Bank* v. *Meyer,* 56 Ark. 499; 7 Am. & Eng. Enc. Law, 477; 3 Pomeroy, Eq. (3d ed.) 1233.

It is urged by counsel for appellant that the court erred in rendering a decree against them without rendering judgment

against the tenant. But we do not think that this contention is well founded. The tenant, Hicks, was made a party defendant, but appears not to have been served with summons. The appellants did not demur to the complaint on the ground of a defect or nonjoinder of parties. Without making any objection upon this ground, they filed their answer and proceeded to a trial of the case upon its merits. It is provided by section 6093 of Kirby's Digest that a demurrer may be interposed upon the ground that there is a defect of parties. This must specifically be made a ground of demurrer. By section 6094 of Kirby's Digest it is provided that "the demurrer shall distinctly specify the grounds of objection to the complaint; unless it does so, it shall be regarded as objecting only that the complaint does not state facts sufficient to constitute a cause of action."

The objection made to a complaint on the ground that there is a defect of parties, which is in effect a nonjoinder of parties, must, therefore, be made in the manner above provided for in the statute; and if it is not so done it will be waived. *Eagle v. Beard,* 33 Ark. 497; *Chapline v. Robinson,* 44 Ark. 202; *Fordyce v. Merrill,* 49 Ark. 277.

Furthermore, the action herein brought against appellants in equity for the wrongful violation or destruction by them of appellee's lien is similar in its effect to an action brought at law against one who purchases the property from the first taker and then converts the same. The first taker in the action of trover and conversion and the tenant in the equitable proceeding to fix the landlord's lien on the property converted may be proper parties, but they are not necessary parties to the determination of the case. And if the defendant does not by special demurrer raise the question of defect of parties, or by motion ask that such person be made a party to the suit, he waives such objection. Upon examination of the evidence, we find that the appellee instituted this suit within the time required by the statute for the enforcement of a landlord's lien, and that the lien covered every portion of the cotton purchased by the appellants.

We find no error in the decree, and it is accordingly affirmed.