SPRAGGINS v. JEFFRIES.

5-856                                          287 S. W. 2d 576

Opinion delivered March 5, 1956.

*Jack Holt* and *John F. Park,* for appellant.

No brief for appellee.

LEE SEAMSTER, Chief Justice. This appeal is from a judgment of the Saline Circuit Court dismissing appellants' complaint against the appellee for rent.

The parties entered into a sales contract January 15, 1953, and on April 27, 1954, the appellants notified the appellee, by letter, that he was behind with payments on the contract and unless the payments were brought up to date by May 15, 1954, the appellants would rescind the sales contract and collect rent from appellee. Appellee moved out and delivered possession of the premises to appellants on May 11, 1954.

The sole issue in this case is the legal effect of the following paragraph in the contract, to-wit:

"3. Time is the essence of this AGREEMENT, and if BUYER defaults in the payment of any installment of principal and interest for a period of 30 days, or fails to pay any taxes, assessments or insurance premiums when due, SELLER, at its option, may either declare the entire debt with interest due and payable, or rescind this AGREEMENT, and in the event of rescission all moneys paid by BUYER shall be taken and retained by SELLER, not as a penalty, but as rent of the property and the relation of the parties thereafter shall be that of landlord and tenant at the rental of $60.00 per month; and thereupon SELLER, after notice, may demand possession of the property, and BUYER agrees to surrender immediately *peacable* possession. No delay in the exercise of any of the options herein shall be construed as a waiver of such right, but same may be exercised at any subsequent time. Any notices required herein may be made by ordinary mail addressed to BUYER at Benton, Arkansas, unless SELLER be notified in writing of a subsequent change of address."

The appellants contend for a reversal of the judgment that they are entitled to collect rent at the rate of $60.00 per month from the date of the contract until appellee delivered possession of the premises. To maintain this position appellants cite, among other cases, the cases of *Thomas* v. *Johnston,* 78 Ark. 574, 95 S. W. 468; *Bunting* v. *Rollins,* 189 Ark. 12, 70 S. W. 2d 40; *Murphy* v. *Myar,* 95 Ark. 32, 128 S. W. 359. In the above cases the court properly construed the contracts under consideration in the respective cases.

The vital part of the contract under consideration reads as follows:

" * * * In the event of rescission all moneys paid by buyer shall be taken and retained by seller, not as a penalty, but as rent of the property and the relation of the parties thereafter shall be that of landlord and tenant at the rental of $60.00 per month; * * *."

Under the plain language of the contract the rental at $60.00 per month would be applicable after the rescis-

sion date set by appellants, as of May 15, 1954. The appellee moved from the premises before that date and would not be liable for rent.

Finding no error, the judgment is affirmed.

Justice J. S. HOLT not participating.