QUERTERMOUS *v.* HATFIELD.

Decided December 6, 1890.

1. *Sale of land—Lease.*

Where an agreement contemplates an absolute sale of land, the fact that the purchase money was called *rent* would not convert the contract into a lease nor create a lien on the crop raised on the land for its payment.

2. *Vendor and vendee—Suit for purchase money—Tender of bond for title.*

A vendor of land, who agreed to deliver a bond for title upon payment of a certain note, cannot recover a judgment on such note without first making a tender of the bond for title.

3. *Jurisdiction of justice of the peace—Land purchase note.*

Though a justice of the peace has no jurisdiction to enforce a vendor's lien for the purchase money of land, he has jurisdiction to render personal judgment on a note for such purchase money.

4. *Instructions—Exception in mass.*

An exception in mass to a series of propositions, some of which declare the law applicable to the case, will not be considered.

APPEAL from *Arkansas* Circuit Court.

JOHN A. WILLIAMS, Judge.

Plaintiff, F. M. Quertermous, instituted suit against Sarah Frazier in the court of a justice of the peace upon a note for $100, signed by her, which recited that it was given as part payment for rent of the land therein described. He asked the enforcement of his landlord's lien upon the crop raised on the land. Upon the death of defendant the cause was revived in the name of her administrator, Marshall Hatfield. Judgments adverse to plaintiff were rendered in the justice's court and in the circuit court on appeal.

*Carroll & Pemberton* and *E. S. Johnson* for appellant.

1. The verdict is contrary to the law and evidence. The note shows that the relation of landlord and tenant exists, and it is proven by the evidence. And even if there was a conditional agreement to sell, after default Mrs. Frazier was only the tenant of appellant. 48 Ark., 413; 31 *id.*, 222, 228. If this relation existed, the tenant cannot dispute the title. 36 Ark., 568.

2. A verbal agreement to sell land is void. Mansf. Dig., sec. 3371. There is no proof of part performance. 1 Ark., 418; 8 *id.*, 278; 21 *id.*, 179.

3. If there was an agreement to sell, it was conditional upon *payment* of the note, and was not available after default. 48 Ark., 413; 31 *id.*, 228.

4. If the relation of landlord and tenant existed, the ownership of the land was not the subject of inquiry. 37 Ark., 122.

5. But if the *title* was involved, then the justice had no jurisdiction. 7 Ark., 309.

*Gibson & Holt* for appellee.

1. The evidence contradicts the idea that the relation of landlord and tenant existed. Appellant's own statements and admissions show that Mrs. Frazier purchased the land from him. The fact that the note recited it was for rent did not prevent appellee from showing what it was for. 51 Ark., 220.

2. There was no agreement to pay rent in case of failure to pay the note, as in 48 Ark., 413.

3. 44 Ark., 446, settles the question as to the statute of frauds. This is not an attempt to enforce specific performance.

4. The title to land is not involved.

COCKRILL, C. J. If the parol agreement between the appellant, who was plaintiff below, and the appellee's intestate was for the sale and purchase of the land, upon the condition that, on default in payment of the first installment of purchase money, the contract of purchase should end *ipso facto*, and the relation of landlord and tenant should subsist as though no sale had been contemplated, then plaintiff was entitled to judgment for the rent agreed upon and to the enforcement of his landlord's lien upon the crop. *Ish* v. *Morgan*, 48 Ark., 413; *Watson* v. *Pugh*, 51 *ib.*, 218; *Cheney* v. *Libbey*, 134 U. S., 68.

S C—2

Or, if the agreement was in effect a lease of the land with an option to the lessee to purchase and treat the rent money as the first instalment of the purchase price, dependent upon the prompt payment of the amount when due, the failure to pay at the time fixed by the parties terminated the right to purchase, the relation of landlord and tenant remained, and the plaintiff was entitled to his recovery.

1. Sale of land—Lease.

But if the agreement contemplated an absolute sale, the fact that the first instalment of purchase money was called rent by the parties would not import into the contract a condition such as that first mentioned above, and thereby change the relation of vendor and vendee into that of landlord and tenant. Calling the purchase money rent would not make it such, nor create a lien on the crops for its payment. The precise question was so ruled in *Walters* v. *Meyer*, 39 Ark., 560.

The question whether the parties stood to each other in the relation of landlord and tenant, depended upon the terms of the agreement between them. The jury found for the defendant, thereby finding that it did not exist. It is argued that the testimony does not warrant the conclusion. That consideration demands a recapitulation of the facts in evidence.

The husband of the original defendant was the owner of the land which is the origin of the controversy; he established his homestead upon it, and died leaving his widow and minor children in possession. At this juncture the plaintiff set up a claim to the land by virtue of a sale for non-payment of taxes. This claim was the cause of the negotiation between the parties. The plaintiff put the note in evidence and testified as to the transaction. There was no other testimony as to the terms of the agreement, except some admissions in reference thereto which he had previously made. He testified that the note was given for rent; that he did not sell the land but agreed to do so, it being understood that the rent money was to be taken as part of the purchase price, provided it was paid promptly at

maturity. Again he stated that the agreement upon which the note was given was that the maker should have the lands for $300 if the note was paid when due and the residue soon thereafter; and that he agreed to make her a title bond if she paid the note at maturity. It was in proof that he had on several occasions stated that he had sold the land to the maker of the note without mention of a condition or a lease, and on one occasion, in going over the terms of the contract in the presence of the other contracting party, stated that the note in suit was given as one of three annual instalments on the purchase of the land. It was shown also that the maker of the note was unable to read, and signed by mark; and the only subscribing witness who testified stated that the contents of the note were not made known to the maker so far as he knew. Under this state of facts the jury could have reached either of two conclusions : that the parties had entered into a contract for a lease of the land, or a contract to sell without condition. A sale at the time of making the note, upon the condition that the time of payment was of the essence of the contract and that a failure to pay promptly should convert the vendee into a tenant, is not deducible from the evidence. The court was justified therefore in charging the jury, if they found that the contract was for a lease, to find for the plaintiff; and if for a sale, for the defendant.

The plaintiff was entitled to recover nothing in the latter event, because he failed to tender the bond for title that his contract called for when he should receive the first payment. *Rudd* v. *Savelli,* 44 Ark., 145 ; *Price* v. *Sanders,* 39 Ark., 306.

2. Suit for purchase money —Tender of bond for title.

The cause originated in the court of a justice of the peace, and it is urged that the appeal should be dismissed, upon the ground that the title to land is involved, and the justice's jurisdiction thereby ousted. But it is the status of the parties, and not the title to the land, that is involved. *Mason* v. *Delancy,* 44 Ark., 444 ; *Benton* v. *Marshall,* 47 *ib.,* 241.

3. Jurisdiction of justice of the peace.

The appellant urges that the court charged the jury upon a state of facts not in evidence. His exception however

4. Instructions—Exception in mass.

was in mass to a series of propositions some of which declare the law applicable to the case, and it cannot be considered.

Finding no error, the judgment will be affirmed.