## CARPENTER v. THORNBURN.

Opinion delivered October 21, 1905.

1. SALE OF LAND—FORFEITURE.—Where a contract for the sale of land expressly stipulated that time was of the essence of the contract, and that the vendee's right to purchase depended upon the prompt payment of five notes as they fell due, failure to pay the last note operated as a forfeiture from which equity will not relieve. (Page 581.)

2. SAME—NECESSITY OF TENDER OF DEED.—Where a contract for sale of land stipulated that, if the vendee paid the five rent notes as they fell due, he should have two months in which to exercise his option to purchase by the payment of a further sum, the vendor was not required to execute a deed to the vendee until all the payments were made. (Page 582.)

Appeal from Arkansas Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

In December, 1896, Joseph Thornburn, being the owner of 445 acres of land in Arkansas, entered into a contract with W. N. Carpenter by which he agreed to lease the land to Carpenter for five years for a specified rent for each year, to be paid on the first day of November of each year, commencing with the year

1897 and ending with the year 1901. The aggregate amount for all the years was nearly nine hundred dollars.

The contract, among other matters, contained the following stipulations:

"Time being of the essence of this contract, it is especially agreed and understood that if either of said rent notes, and the sums to be paid as rent, be not promptly paid at maturity, or if the taxes due for any one of the years above mentioned be not promptly repaid to said lessor, then this lease, including the option to purchase hereinafter mentioned, shall, without notice, terminate and cease, and the lessor shall be entitled to immediate possession of the leased property, and said lessee shall be liable to said lessor for such of said rent notes as may have matured and remain unpaid. * * * If the said lessee shall have paid the rent notes above mentioned, together with any additional sums above provided for as rent, and any attorney's fees that said lessor may have to pay for collecting said notes after their maturity, then said lessee shall have, for the period between November 1, 1901, and January 1, 1902, the option to purchase said lands for the sum of $768, * * * of which $8 shall be paid in cash."

Then follows a statement showing that the balance was to be paid in ten annual installments of $76 each, with interest added. The lessor also stipulated that, upon the payment of the five rent notes as provided in the contract and the further sum of $8, he would execute a warranty deed to the lessee conveying the land to him, taking a trust deed from him securing the payment of the notes for $760 and interest.

Carpenter paid the first four rent notes as they fell due, but failed to pay the last rent note for $190.70, which fell due on the 1st. of November, 1901. Thornburn elected to declare that the option to purchase had been forfeited, and in February, 1902, brought an action at law on the unpaid rent note to recover the amount due on same and interest.

In April, 1902, Carpenter filed an answer, alleging that the contract was in fact an agreement to purchase, not to rent, land; that he had paid all of the five notes designated as rent notes in the contract, except the last, and that he would have paid that note but for the fact that plaintiff had failed to execute

and tender to him a deed as required by the contract; that he had entered up'on the land under his contract, and made valuable improvements thereon; that he was then, and had been at all times, ready and willing to pay the $190.70 and the further sum of $8.00 to plaintiff, as required by the contract, and would have done so had a deed been tendered by plaintiff. He tendered the money in court, and offered to pay the same at any time a deed was delivered to him. He asked that the case be transferred to the equity docket, that his answer be taken as a counterclaim, and that plaintiff be compelled to specifically perform his contract.

Plaintiff filed a reply to the counterclaim, in which he admitted that defendant had made some improvements not exceeding a hundred dollars in value, but alleged that the land had been injured more by defendant's cutting timber upon it than it had been benefited by improvements made. He denied that defendant had been ready and willing to pay the rent note now due, but alleged that defendant had been warned by the agent of plaintiff and importuned to pay said note, and avoid the forfeiture of the contract, but had refused to do so, and that plaintiff had exercised his right under the contract, and declared the forfeiture. He asked that the cross-complaint of defendant be dismissed, and that he have judgment for his debt.

The case was transferred to the equity docket, and heard on the pleadings and exhibits thereto. The chancellor found that the contract between plaintiff and defendant was a rent contract with option to purchase; that if the defendant had paid the note sued on at maturity, he would have had the right to purchase the land, but that he had not done so; and that by the terms of the contract such failure to pay terminated the defendant's right to purchase, and that plaintiff was entitled to recover. He therefore gave judgment in favor of plaintiff for the amount of his note and interest.

Defendant appealed.

*H. A. & J. R. Parker,* for appellant.

The indenture being, in effect, a contract of sale, the plaintiff ought to have tendered a deed. 28 Ark. 27; *Ib.* 78; *Ib.* 127; *Ib.* 175; 26 Ark. 292; 13 Ark. 163; 44 Ark. 192; 51 Ark. 333; 29 Ark. 303. Equity will relieve from, but never inflict, forfeiture. 17 Fed. 561; 20 Fed. 345; Bishop on Contracts, §§ 417, 418; Fetter

on Equity, p. 23; *Ib.* p. 107; 20 N. W. 222; 16 Neb. 202; 134 U. S. 68; 49 Fed. 305; 74 Fed. 52.

*John F. Park,* for appellee.

If the time limited by the contract in which to exercise an option to purchase has elapsed, a tender is of no avail, and equity will not compel conveyance. 57 L. R. A. 173; 17 N. E. Rep. 60; 21 S. W. 970; 68 Md. 21. And, time being of the essence of the contract, equity will respect that provision. 7 Ves. 270; 4 Bro. C. C. 469; Fry, Spec. Perf. §§ 711, 712, 713; 9 Am. Law, Reg. 146; 1 Johns. Ch. 369; 2 Story's Eq. Jur. § 76; Pomeroy on Eq. Jur. § 445; 69 Am. St. Rep. 17; 3 Iowa, 158; 45 S. W. Rep. 275; 162 U. S. 404; 104 U. S. 301; Bispham's Eq. § 392; 8 Am. Eng. Dec. in Eq. 224; 134 U. S. 68. Payment of the rent note sued on was a condition precedent to the option to purchase. 54 Ark. 16.

RIDDICK, J., (after stating the facts.) This is an action to recover the amount due on a note given for rent of land. The defendant admits the execution of the note, and states that, though it purports to be for rent, it was in fact executed for a part of the purchase price of the land, and that he is ready now, and has always been ready and willing, to pay it if plaintiff will execute a deed to the land. He contends that, as equity abhors forfeitures, he has still the right to pay the note and the remainder of the price and take the land. The law on this point, so far as it applies to this case, is very clearly stated by Prof. Pomeroy as follows: "It is well settled that when the parties have so stipulated as to make the time of payment of the essence of the contract, within the view of equity as well as of the law, a court of equity can not relieve a vendee who has made default. With respect to this rule there is no doubt; the only difficulty is in determining when time has thus been made essential. It is also equally certain that, when the contract is made to depend upon a condition precedent,—in other words, when no right shall vest until certain acts have been done, as, for example, until the vendee has paid certain sums at certain specified times,—then also a court of equity will not relieve the vendee against the forfeiture incurred by a breach of such condition precedent." 1 Pom. Equity, § 455; *Quertermous* v. *Hatfield,* 54 Ark. 16.

Now, in this contract the parties expressly stipulated that time was of the essence of the contract. The right of the defendant to purchase the land depended under the contract upon the prompt payment of the five rent notes as they fell due. Until he had paid those notes, he had under his contract no right to purchase. If he had paid those notes promptly, the last of which was due on the 1st of November, 1901, he had under the contract the option to purchase the land at any time between that date and the first of January following. That is to say, if he had paid the rent notes, he would then have had two months in which to exercise his option to purchase. But he did not pay the last note. His excuse for this failure is that the defendant failed to tender him a deed. Now, an examination of the contract will show that plaintiff was not required to execute the deed to defendant until all the rent notes and the further sum of eight dollars had been paid. The failure of the defendant to tender a deed was no legal excuse for the failure to pay the note, for the payment of all the rent notes was a condition precedent upon which the right of purchase depended. The pleadings show that defendant made an offer to pay this note in his answer, but that was long after the maturity of the note, and after the time when the option to purchase would have expired, even had the note been paid. The contract may be a harsh one, but it contravenes no rule of public policy. The parties made it, and the courts cannot alter it. *Cheney* v. *Libby,* 134 U. S. 68.

On the whole case, we are of the opinion that the judgment of the chancellor is right, and it is therefore affirmed.