PEARSON v. VANCE.

Opinion delivered February 10, 1908.

JUDGMENT—SERVICE BY WARNING ORDER—RETRIAL.—Where a judgment was rendered against a defendant who was constructively summoned but did not appear, he is entitled, under Kirby's Digest, §

6259, to have the case reopened upon his giving security for the costs, without being required to show merits as a condition precedent.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

### STATEMENT BY THE COURT.

On June 11, 1894, May S. Vance executed seven promissory notes, aggregating $3,850, to W. R. Pearson, and, in order to secure the same, executed a deed of trust upon 32 feet off of the west side of lot one, block twenty-three, Old Town of Pine Bluff, together with the furniture in said house, to Lev. Fowler, as trustee for said Pearson. At the time she owed the balance purchase price, $800, for the real estate to Irby Boyd, and after the execution of his mortgage Pearson at her request paid off the same with interest.

May S. Vance died in 1895, and on December 6th of that year W. R. Pearson and Lev. Fowler, as trustee, instituted their suit in the Jefferson Chancery Court to foreclose under the deed of trust and be subrogated to the rights of the vendors for the balance of the purchase money paid by Pearson. This suit was brought against Harris, Riding, Nettie Walker, Wallace Vance, Ella Walker, Charlie Vance and Anna Colclasure as the sole heirs at law of May S. Vance. The notes and deed of trust sued on were attached to the complaint.

Summons was duly issued in the case for all of the defendants, but the return of the sheriff showed that only Ella Walker, Charlie Vance and Anna Colclasure were served. The other defendants, Harris Riding, Nettie Walker and Wallace Vance, were constructively summoned on the 7th day of December, 1895, by a warning order. And the proof of publication of said warning order was filed January 22, 1896. John W. Crawford was appointed as guardian *ad litem* for the minor defendant, Harris Riding, accepted same, and filed his answer. (It later developed that Harris Riding, who was the child of May S. Vance, had died before the institution of this suit, intestate and without issue, and his interest is not in controversy.) John W. Crawford was also appointed as attorney *ad litem* for the non-

resident defendants, Nettie Walker and Wallace Vance, and duly accepted the appointment, and filed answer for them.

Before the filing of the complaint, C. H. Triplett, the sheriff, qualified as public administrator and took charge of all of the personal property.

On December 26th the court appointed Lev. Fowler as receiver, and directed him to sell the personal property at public outcry on a credit of three months. The receiver sold the personal property as directed, and at the sale W. R. Pearson bid $1,500 for same. The sale to him for that amount was approved. The report of the receiver showing his actions is no further material.

The defendants, Nettie Walker, Charlie Vance and Anna Colclasure, were on the 28th day of February, 1896, notified that depositions would be taken in the city of Pine Bluff to be read as evidence in this trial, and on the 29th day of February, 1896, they accepted service of the notice. The said notice was served on and accepted by John W. Crawford, as attorney and guardian *ad litem*.

In order to establish his right to subrogation for the balance of the purchase price paid by him to Irby Boyd for May S. Vance, appellant proved the following by W. D. Hearn, cashier of the Bank of Pine Bluff:

"Q. Do you know of any of the purchase money notes executed by May S. Vance for the purchase price of the property situated on the northwest corner of lot one in block twenty-three, Old Town of Pine Bluff, Arkansas, ever having come to the bank, of which you are cashier, for collection? A. One note was received by us on June 28, 1894, from the Union & Planters' Bank of Memphis, Tennessee, the amount of which was $400, and the interest to date of maturity was $24.30. Another note was received on July 13, 1895, from the Union & Planters' Bank, of Memphis, Tennessee, the amount of which was $400 and the interest $49. Q. By whom were these notes signed? A. May S. Vance. Q. Do you know to whom they were payable? A. I would not like to swear to that, because my records do not show, but my recollections are that they were indorsed by Irby Boyd. Q. Do you know for what these notes were given? A. No, sir. Q. Will you explain when, by

whom and how these were paid? A. The first note was paid by check of W. R. Pearson, National Bank of Commerce, St. Louis, to the amount of $428.18, under date of September 20, 1894. The second note was paid by check of W. R. Pearson on the Ouachita Valley Bank of Camden, Arkansas, for $449, under date of July 16, 1895. My records show these items complete in every respect."

W. R. Pearson states that he is the beneficiary in the deed of trust from May S. Vance to Lev. Fowler and the payee in the notes of May S. Vance, secured in the deed of trust; that no part of the said notes have been paid, and the full amount of the said notes are due and payable; that he paid about $800 for May S. Vance to the vendors of her property, the Boyds. These notes were paid, the first one by check on St. Louis, and the second by check on Valley Bank at Camden. "I have the checks. (Two checks are exhibited with his deposition.) My deed of trust upon the property was junior to the vendor's lien, and I paid these notes at the request of May S. Vance and to protect my deed of trust. May Vance has never repaid me anything on account of my expenditures for her in that way." The original notes and deed of trust executed by May S. Vance to W. R. Pearson were exhibited at the trial, and the checks were attached to his deposition.

On March 6th a decree was rendered. The court found that May S. Vance was indebted to plaintiff W. R. Pearson in the sum of $3,850 upon eight notes which drew interest at 10 per cent. per annum from maturity until paid; that May Vance executed a deed of trust upon the property mentioned in the complaint; that the time of the execution of said deed of trust the balance of the purchase money for the lot had not been paid, and was a lien upon the land prior to the lien of W. R. Pearson; that she, being unable to pay two of the purchase money notes for the sum of $400 each, with accrued interest, the said Pearson was forced and did pay same with interest to protect his junior incumbrance upon said land, which amount the court found aggregated $873.30, and with interest to date of decree aggregated $928; that the real estate be charged with said sum, and the same be decreed a special lien in favor of said Pearson. He then ordered that the sum of $1,500, received from the sale of the

personal property by the receiver, heretofore referred to, be entered as a credit upon the decree, ordering the land sold for the balance purchase price by H. A. McCoy, commissioner, under the directions contained in said decree. The lands were sold in the mode and manner prescribed by law and the decree, and purchased by W. R. Pearson for $2,000. The sale was duly approved and confirmed, and the property delivered to W. R. Pearson.

Wallace Vance, Nettie Walker and Charlie Vance filed their motions to set aside the decree and grant them a new hearing because no service of summons was served upon Wallace Vance and Nettie Walker, nor proper service upon Charlie Vance, a minor; that they were constructively summoned by a warning order, and were ignorant of the pendency thereof until after the rendition of the decree; that the two years since the rendition of the decree had not expired. The prayer of the petitioners was granted, and the decree opened "so that the defendants be allowed to file an answer and defend said suit," upon executing a bond for fifty dollars.

Additional testimony was adduced tending to show that the two notes for $800 given for the purchase price of the lots upon which Pearson had a mortgage were found among the effects of May S. Vance after her death.

The former decree was modified in so far as it allowed Pearson a lien for the $800 with interest, and from this modified judgment Pearson has appealed.

*White & Altheimer,* for appellant.

1. The statute, Kirby's Dig. § 6259, is manifestly intended to protect defendants *constructively* summoned. Charles Vance was personally served with summons. When the decree was rendered, the court had jurisdiction of the subject-matter and of the parties. It was not void. 49 Ark. 414; 18 Ark. 53. His remedy was by appeal.

2. In the second decree, the court erred in holding the entire judgment in favor of Pearson for $800 and interest, as void, and in decreeing that it should be credited upon the former decree; whereas, the term having expired in which the former decree was rendered, the court had, at most, jurisdiction of only

two-fifths of the amount. It is well settled that Pearson, the holder of a junior incumbrance, had the right to pay off the prior incumbrance and be subrogated to the rights of the prior mortgagee. 39 Ark. 531; 44 Ark. 504; 53 Ark. 562; 24 Am. & Eng. Enc. of L. (1 Ed.), 187-8, 296.

*Austin & Danaher,* for appellees.

HART, J., (after stating the facts.) Nettie Walker and Wallace Vance moved the court to set aside the original decree in this case rendered on constructive service against them, and to admit them to defend. This they had a right to do upon giving bond for cost. Kirby's Digest, § 6259. In the case of *Porter* v. *Hanson,* 36 Ark. 600, the court said: "They (meaning defendants constructively summoned) need not show merits as a condition precedent. They risk the costs, and are entitled to have the matter of merits determined on demurrer or evidence after the doors are opened. They have no right, however, to have the former judgment, meanwhile, vacated on motion. It remains until the case is retried, to be then confirmed, modified or set aside."

On a retrial of the case the chancellor found that May S. Vance was not due W. R. Pearson the $800 and interest found in the original decree to have been paid out by him as a junior mortgagee to discharge a prior incumbrance, being for purchase price of the land in question, and therefore that he was not entitled to subrogation for that amount. The court is of the opinion that the findings of the chancellor were against the clear preponderance of the evidence. W. D. Hearn, cashier of the Bank of Pine Bluff, testified that this amount was paid by W. R. Pearson, and gave the date and amount of the checks by which it was paid. Pearson also testified that he paid it, and exhibited the checks given by him in payment. Opposed to this is some testimony from which it might be inferred that the notes making up this amount were found among the effects of May S. Vance after her death. But this testimony was too vague and indefinite to overcome the positive testimony of two witnesses, one of whom had no interest whatever in the case.

The record shows that Charlie Vance was duly served by summons, and was treated throughout the original foreclosure

proceedings as an adult. At a subsequent term of the court, he filed his motion to vacate or modify the original decree. Although it does not appear from the record, we presume this was done under section 4431, subdivision 5, of Kirby's Digest; for neither the condition of the defendant nor error in the proceedings appear from the record in the original cause. "To obtain relief under subdivision 5, two elements must concur: (1) The disabled condition of the moving party must not appear in the record; and (2) the error which should cause the judgment to be vacated must not appear in the proceedings." *Jones* v. *Pond & Decker Mfg. Co.,* 79 Ark. 200. Under section 4431, subdivision 5, the infant may come in and make his defense. But the original decree will not be set aside unless some error is shown in it. Now, the only difference in the findings of the court on the merits of the case in the original decree and the modified decree is that in the latter the chancellor found Pearson had not paid the $800 and accrued interest, being balance of the purchase money and a prior lien to his mortgage. The question is, did the additional testimony, taken in connection with the testimony in the original cause, warrant the chancellor in so finding? For the reasons given in discussing the same issue as to the defendants constructively summoned, we hold that it did not.

Reversed and remanded with directions to enter a decree not inconsistent with this opinion.