## COMER v. COMER.

Opinion delivered March 17, 1930.

*Roy D. Campbell,* for appellant.
*W. J. Dungan* and *Jones & Wharton,* for appellee.

Kirby, J., (after stating the facts). Appellant insists that the chancellor correctly held that the transaction, the deed and contract of sale, did not constitute a mortgage, but erred in holding that he had waived his right to declare a forfeiture of the contract and resume possession of the lands. The contention that the deed and contract of resale constituted a mortgage was not supported by clear, unequivocal and convincing testimony, as the law requires, and the chancellor correctly held that it did not constitute a mortgage. *Rushton* v. *McIlvane,* 88 Ark. 300; 114 S. W. 709; *American Mortgage Co.* v. *Williams,* 103 Ark. 484, 145 S. W. 234; *Edwards* v. *Bond,* 105 Ark. 314, 151 S. W. 243; *Henry* v. *Henry,* 143 Ark. 607, 221 S. W. 481; *Mathews* v. *Stevens,* 163 Ark. 157, 259 S. W. 736.

The court erred, however, in holding appellant had waived his right to declare a forfeiture of the contract by accepting benefits thereunder after his right to do so had accrued. Appellee failing to perform the conditions of the contract and make the payments necessary for the repurchase of the lands in accordance with its terms, appellant had the right thereunder, also in accordance with its terms, to accept payments of the rent for the use of the lands which would in no wise be regarded a waiver of his claim of forfeiture of the right to purchase. *Ish* v. *Morgan. McRae & Co.,* 48 Ark. 413, 3 S. W. 440; *Quertermous* v. *Hatfield,* 54 Ark. 16, 14 S. W. 1096; *Haus* v. *Emerson,* 75 Ark. 551, 87 S. W. 1027; *Carpenter* v. *Thornburn,* 76 Ark. 578, 89 S. W. 1047.

It is not claimed that the contract was not fairly entered into, did not express the intention of the parties or that there are grounds for reformation thereof. The testimony is virtually undisputed that appellee, W. M. Comer, failed to perform his agreements to pay the installments of purchase money in accordance with the stipulations in the contract of sale and, having failed to perform the conditions, was bound to the payment of rent under the terms of the contract. Having failed to meet

this contingency, plaintiff was entitled to the possession of the lands after giving notice to quit and judgment for the rents due. The chancellor erred in holding otherwise, and the decree is reversed, and the cause will be remanded with directions to enter a decree in accordance with this opinion. It is so ordered.