STATEMENT OF FACTS.
Appellant brought this suit in the circuit court of Woodruff County for unlawful detainer to recover possession of lands, a plantation in Woodruff County, and the rents thereof. *Page 340 
W. M. Comer, appellee, brother of appellant had borrowed from M. D. Thompson $12,000, which was secured by a deed of trust on the lands in controversy, and appellee, Vance Thompson, had become the owner of the mortgage, and had advertised the lands for sale and foreclosure for the $12,000 due thereon.
W. M. Comer, being unable to procure the money elsewhere, solicited J. H. Crossett, a member of the mercantile company in McCrory, in which appellant was interested, to use his influence with Andrew Comer, his brother, to lend him money with which to pay off the Thompson indebtedness, Comer agreeing to take his business in the future to the Fakes Mercantile Company. Andrew Comer declined to make the loan, thinking his brother would be unable to repay it, and he did not want to be compelled to foreclose on the property desiring to avoid any friction and bad feeling that might result therefrom. He finally agreed with his brother, however, that he would purchase the property directly from him for $12,000, the reasonable value thereof, the amount due Thompson on same. He made out a check for that amount payable to the order of the appellee, W. M. Comer, which was indorsed and cashed by him and paid to Thompson, the holder of the mortgage. W. M. Coiner and his wife made a warranty deed conveying the lands to Andrew Comer for the recited consideration of $12,000 paid, and he executed on the same day, in accordance with his agreement for purchase and conveyance of the lands to him, a contract of resale of same to W. M. Comer upon payment of the amount of the purchase money as stipulated in the contract, and gave a bond in the sum of $6,000 with Thompson as surety to convey the lands to W. M. Comer in accordance with the contract upon W. M. Comer's performance thereof.
The contract of sale provided that appellant would deliver possession of the lands described to appellee, Comer, for a term of three years, 1925-26 and 27, appellee to pay as rent therefor the sum stipulated in the *Page 341 
contract, for 1925 the sum of $1,960 on or before January 1, 1926, for 1926 the sum of $1,880 on or before January 1, 1927, and for 1927 the sum of $1,800 on or before January 1, 1928. The contract recites that, in the event appellee should at any time become in arrears in payment of any part of the notes in said amounts, or any one of them in excess of $500, the purchaser "should forfeit any right or interest under this contract which he may have to the purchase of said lands under this agreement; it further being understood that during the said 3 years, the relation of landlord and tenant shall exist between the parties hereto." A landlord's lien was retained on the crops raised on the lands during the three years; and it further recites that, if Comer fails to make payment of the notes above mentioned and forfeits his rights under the agreement, then all sums that had been paid should be retained as rent for the premises. Comer, appellee, was also required to pay the taxes for the three years and make all necessary repairs on buildings and fences, and his failure to do so was made a ground of forfeiture of his rights under the contracts. It was provided that upon the payment of the notes and taxes as agreed, appellant would make a warranty deed conveying the property for the further payment and price of $9,000 to be paid in cash upon terms to be agreed on. The contract allowed the payment of a greater amount each year than specified, and for credit thereon on the balance due. It required the execution of the bond in the sum of $6,000 by the seller for securing his performance of the contract in accordance with its terms. It was recited in the agreement that the lands were not worth less than $12,000, and that the payments to be made by the purchaser on or before the 1st of January, 1926-27 and 28, represented a payment of $1,000 for each of said years with interest on the purchase price. Further: "And in the event that the party of the second part shall fail to make the payments herein set forth and to pay taxes and make necessary repairs, then any and all sums that may be *Page 342 
paid or collected as rent shall be considered and treated as reasonable rental for said property, and all rights of the party of the second part under this agreement shall be fully and completely terminated."
Appellee failed to pay the notes and taxes under the contract of purchase in accordance with its terms, and appellant notified him in writing of such failure and his forfeiture of the right to purchase under the contract returning the unpaid notes with such indorsement thereon, and stating that they were returned for 1926 and 1927 because "you have elected to pay the rent provided in the contract for the land, and no part of the notes in question." The officer's return of the notice and demand for possession shows that appellee refused to accept the notes when they were tendered to him.
After demurrers were filed and overruled and motions alleging misjoinder of parties, appellees filed separate answers. Appellee, Comer, alleged that he had paid all sums due under the contract, and paid taxes on the land, and performed all conditions under paragraph 4, quoting it; denied that the relation of landlord and tenant existed between the parties to the contract after January 1, 1928, and alleged that he held the lands under a bond for title thereafter; was the equitable owner thereof in possession, and that appellant had only a lien thereon for the purchase price, and that he was willing to perform the contract, but appellant had not rendered the deed. That for the years prior to 1928 plaintiff accepted payments and performance of the contract by defendant, waived any failure of performance and was estopped to claim a forfeiture. Prayed transfer of the cause to equity, and that he be adjudged owner of the lands subject to a lien for the payment of the amount due on the balance of the purchase price.
Thompson answered denying that W. M. Comer had sold to him all the cotton raised on the premises in 1928, and that demand was made for payment of the rent by appellant, or that he withheld same. *Page 343 
Appellant's response denied the allegations of the answers, set on the amounts of the three notes paid and the balance unpaid, the failure of appellee to pay the taxes in 1925-26 and 1927, and to make any attempt to pay any of the notes for the last year; alleged that in 1926 and 27 appellee paid the rents on the lands in accordance with the terms of the contract and treated the contract of sale as having been abandoned, and forfeited all his rights thereunder. It also set out certain of the provisions of the contract and statements of the failure to perform them.
The preponderance of the testimony showed that $12,000 was the reasonable value of the lands at the time of the conveyance of the lands to appellant; that appellant was not indebted to appellee, W. M. Comer, in any sum or amount at the time he purchased, and the lands were conveyed to him for the sum of $12,000 paid; that appellee had not paid the amount stipulated as agreed, or otherwise performed his contract for the purchase of the lands, and had paid rent for two years in accordance with its terms, and had made statements that he had forfeited his rights thereunder and allowed repairs and improvements to be made by appellant, and the taxes to be paid by him.
The chancellor found that the deed was executed and the contract of purchase secured by a bond, and "the court further finds that said deed and said contract do not constitute a mortgage, but is a contract of sale and purchase with plaintiff and defendant; that the plaintiff, under the terms of said contract had the right to declare a forfeiture thereof, but waived said right and accepted benefits under said contract at the time at which he had the right to declare a forfeiture." Also, that appellee still had the right to repurchase the lands, and could do so upon the payment to appellant of the sum of $13,000, which was required to be paid to the clerk of the court or appellant before January 1, 1930.
(after stating the facts). Appellant insists that the chancellor correctly held that the transaction, the deed and contract of sale, did not constitute a mortgage, but erred in holding that he had waived his right to declare a forfeiture of the contract and resume possession of the lands. The contention that the deed and contract of resale constituted a mortgage was not supported by clear, unequivocal and convincing testimony, as the law requires, and the chancellor correctly held that it did not constitute a mortgage. Rushton v. McIlvane,88 Ark. 300; 114 S.W. 709; American Mortgage Co. v. Williams, 103 Ark. 484, 145 S.W. 234; Edwards v. Bond,105 Ark. 314, 151 S.W. 243; Henry v. Henry, 143 Ark. 607,221 S.W. 481; Mathews v. Stevens, 163 Ark. 157,259 S.W. 736.
The court erred, however, in holding appellant had waived his right to declare a forfeiture of the contract by accepting benefits thereunder after his right to do so had accrued. Appellee failing to perform the conditions of the contract and make the payments necessary for the repurchase of the lands in accordance with its terms, appellant had the right thereunder, also in accordance with its terms, to accept payments of the rent for the use of the lands which would in no wise be regarded a waiver of his claim of forfeiture of the right to purchase. Ish v. Morgan, McRae Co., 48 Ark. 413, 3 S.W. 440; Quertermous v. Hatfield. 54 Ark. 16, 14 S.W. 1096; Hays v. Emerson,75 Ark. 551. 87 S.W. 1027; Carpenter v. Thornburn, 76 Ark. 578,89 S.W. 1047.
It is not claimed that the contract was not fairly entered into did not express the intention of the parties or that there are grounds for reformation thereof. The testimony is virtually undisputed that appellee, W. M. Comer failed to perform his agreements to pay the installments of purchase money in accordance with the stipulations in the contract of sale and, having failed to perform the conditions, was bound to the payment of rent under the terms of the contract. Having failed to meet *Page 345 
this contingency, plaintiff was entitled to the possession of the lands after giving notice to quit and judgment for the rents due. The chancellor erred in holding otherwise, and the decree is reversed, and the cause will be remanded with directions to enter a decree in accordance with this opinion. It is so ordered.