WRIGHT *v.* BURLISON.

4-5468                                          128 S. W. 2d 238

Opinion delivered May 1, 1939.

*M. A. Matlock,* for appellant.

*Ezra Garner,* for appellee.

HOLT, J.   Peter Wilbourne, Jr., and wife on January 15, 1920, executed a mortgage in favor of the Security

Mortgage Company on 160 acres of land in Columbia county to secure a loan of $1,800.

This mortgage by proper transfer and assignment became the property of C. L. Burlison, one of the appellees herein, and on August 28, 1937, he filed his complaint in the Columbia chancery court to foreclose under its terms.

Appellant, Mandy Lee Wright, along with the mortgagors and several others, all non-residents, were made parties defendants and jurisdiction acquired on them by warning order.

Decree by default was taken by appellee on December 13, 1937, upon a failure of any of the defendants to respond and answer, and on order of the court in due course after advertisement, the Commissioner appointed sold the lands in question on January 22, 1938, to appellee Burlison for the sum of $2,400 and thereafter on January 25, 1938, a deed to the property was properly executed by the Commissioner and delivered to appellee, the purchaser.

Prior to the sale of the property and the delivery of the deed thereunder, appellant, Mandy Lee Wright, on December 23, 1937, filed her "Separate Response, Motion and Answer" in which she sought to have the default judgment vacated and set aside and the cause retried. Thereafter on January 14, 1938, appellant filed an amendment to her "Separate Response, Motion and Answer," making a part thereof a contract of sale with the Security Mortgage Company entered into on July 27, 1926.

On January 15, 1938, upon a hearing in chambers the court refused to hear the "Separate Response, Motion and Answer," as amended, filed by appellant on the ground that having previously adjourned the court for the term the court was without jurisdiction to entertain the response, motion and answer so filed. However, subsequently, on April 11, 1938, a day in the next regular term of the court, the appellant renewed her motion for a trial on her separate response, motion and answer, as amended, and this motion the court on April 25, 1938,

heard, granted same and ordered the cause redocketed for hearing. Thereafter on May 10, 1938, appellant filed her petition asking that Lizzie Bailey and B. B. Cotton be made parties defendants. This petition was granted and these parties entered their appearance and filed answers. Pursuant to this latter order the cause was tried on its merits on October 26, 1938.

After allowing appellant, Mandy Lee Wright, the opportunity to present all the testimony which she cared to offer, and after a full and complete hearing of the cause, the court found the issues in favor of appellees, dismissed appellant's complaint for want of equity and ordered confirmed the previously entered default judgment on the mortgage foreclosure, and the proceedings had thereunder. From this decree this appeal is prosecuted.

The record reflects that appellant on January 14, 1938, when she filed her amendment to her "Separate Response, Motion and Answer," made a part thereof the contract to purchase the lands in question from the Security Mortgage Company, which she had previously entered into with this company on July 27, 1926. Under the terms of this contract, appellant agreed to pay $2,500 for the land in question. Of this sum she paid $400 cash and executed five notes for the balance, the first being for $100 due October 1, 1926, the second for $500 due October 1, 1927, the third for $500 due October 1, 1928, the fourth for $500 due October 1, 1929, and the fifth for $500 due October 1, 1930. The contract also provided that appellant was to have a deed to the property upon the payment of the purchase price. It was further provided in this contract that: "Party of the first part agrees to pay all taxes or assessments against said land up to and including taxes and assessments for the year 1925. Party of the second part (appellant here) agrees to keep paid all legal taxes and assessments that are payable after January 1, 1927, which includes the taxes assessed against the property for the year of 1926. . . .

"BUT in case the said second party shall fail to make the payments aforesaid, or any of them, punctually and

upon the strict terms and at the time above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid strictly and literally, without any default, *time being the essence of this contract,* then this contract shall from the date of such failure be null and void and all rights and interest hereby created, or then existing in favor of said second party, her heirs and assigns, or derived under this contract shall revert to and revest in said first party, its successors or assigns, without any declaration of forfeiture or act of re-entry or without any other act by said first party to be performed and without any right to said second party of reclamation or compensation for moneys paid or improvements made, as absolutely and as perfectly as if this contract had never been made.''

Appellant earnestly insists that the chancellor erred in the trial of this cause in declaring that before appellant would be entitled to a trial and hearing on her separate response, motion and answer and amendment thereto, it was incumbent upon her to show a meritorious defense and also in requiring her to assume the burden of proof.

Appellant, who had been constructively summoned in this case, came in within two years from the date of judgment in the foreclosure decree, December 13, 1937, and after having made bond for costs, sought to have the decree of foreclosure vacated and set aside and also sought specific performance of the contract with the Security Mortgage Company in accordance with the terms thereof. The section of the statute under which she proceeded is 8222 of Pope's Digest which is as follows: ''Where a judgment has been rendered against a defendant or defendants constructively summoned and who did not appear, such defendants or any one or more of them may at any time within two years, and not thereafter, after the rendition of the judgment appear in open court and move to have the action retried; and, security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or de-

fendants as if there had been no judgment, and upon the new trial the court may confirm, modify, or set aside the former judgment . . ."

It is true, as appellant contends, that she had the right under the above section of the statute, to come in within the two-year period, ask the court to set aside the decree of foreclosure rendered on constructive service against her, and make her defense upon giving the bond for costs required. It was not necessary for her to first show a meritorious defense, nor should she have been required to assume the burden of proof. We think, however, that no prejudice resulted to appellant by the action of the court in this regard. As we have stated, *supra*, the appellant was allowed to come in, make a complete defense and set up her rights. She was permitted to introduce her evidence and to develop her case fully. In so far as this record discloses no rights were denied her by the chancellor and even though she were required to assume the burden of proof yet we think that she has failed to show that she suffered any prejudice thereby that would require correction here where we try the cause *de novo*. In *Porter, Taylor & Co.* v. *Hanson et al.*, 36 Ark. 591, in construing the above section of the statute, this court said: "They need not show merits as a condition precedent. They risk the costs, and are entitled to have the matter of merits determined on demurrer, or evidence after the doors are opened. They have no right, however, to have the former judgment, meanwhile, vacated on motion. It remains until the case is re-tried, to be then confirmed, modified or set aside. Nevertheless, if the court should refuse to admit a defendant to make defense, and the answer which he proposes to file should not disclose any substantial right, the error would not be so prejudicial to him as to require correction. If the defense is incorporated with the motion, it may be considered to include all the defendant means to stand upon." See, also, *Pearson* v. *Vance*, 85 Ark. 272, 107 S. W. 986.

We find it unnecessary in this opinion to set out the evidence adduced at the trial. Suffice it to say that we

have carefully considered it and hold that the findings of the chancellor are not clearly against the preponderance thereof.

Appellant also contends that the court erred in denying to her specific performance of the contract in question and in holding that her rights thereunder have been forfeited. We think the court did not err in this regard.

The terms and provisions of the contract are clear and unambiguous. Time was specifically declared to be the essence of it, and upon the failure of appellant to comply with any of its terms the contract is declared to be null and void and all rights of the appellant forfeited under it. The undisputed evidence shows that she failed to pay the last two notes of $500 each falling due, the one October 1, 1929, and the other October 1, 1930, that she paid no taxes since 1930, and thereby we think forfeited her rights under the contract. In *Carpenter* v. *Thornburn,* 76 Ark. 578, 89 S. W. 1047, this court in quoting from Pomeroy's Equity Jurisprudence (4th ed.), Vol. 1, § 455, said: "It is well settled that when the parties have so stipulated as to make the time of payment of the essence of the contract, within the view of equity as well as of the law, a court of equity cannot relieve a vendee who has made default." See, also, *Souter* v. *Witt,* 87 Ark. 593, 113 S. W. 800, 128 Am. St. Rep. 40, 107 A. L. R. 380, and *Comer* v. *Comer,* 181 Ark. 339, 26 S. W. 2d 89.

On the whole case we are of the opinion that the judgment of the chancellor is right. However, no deficiency judgment should be rendered against Mandy Lee Wright, appellant—this for the reason that the parties have agreed to such modification. In all other respects the judgment is affirmed.