## TERRELL v. GREGORY.

4-9784                                            249 S. W. 2d 560

Opinion delivered June 9, 1952.

*E. D. McGowan,* for appellant.

*William B. Howard,* for appellee.

Ed. F. McFADDIN, Justice. The sole question on this appeal is whether the defendant's answer stated a defense. The trial court held that it did; and from that decree comes this appeal.

---

Terrell filed suit against Gregory, seeking specific performance. The complaint alleged: (a) that by written contract of January 1, 1949, Gregory agreed to sell Terrell certain real estate, for a total price of $1,672.05; (b) that Terrell paid Gregory $980.08 in cash, and executed a note for the balance of $691.97, and interest; (c) that at various times the note was renewed, so that maturity was advanced to July 21, 1950; and (d) that on February 16, 1951, Gregory declared the contract cancelled for non-payment of the note, and returned the unpaid note to Terrell. Terrell paid $711.97 into the registry of the court, and prayed that Gregory be required to execute a deed to Terrell.

In his answer, Gregory (a) admitted the execution of the contract and note; (b) made the contract a part of his answer; (c) pleaded that Terrell had failed to pay the note when due on July 21, 1950; and (d) pleaded Gregory's right to declare the contract forfeited as he did. To Gregory's answer, Terrell filed a demurrer, which stated that the answer "does not state sufficient facts to constitute a defense to this action." When the Chancery Court overruled the demurrer, Terrell refused to plead further or offer proof. Thereupon, decree was entered, dismissing Terrell's complaint; and this appeal challenges the correctness of the said decree.[1]

We hold that the decree was correct. The contract gave Gregory the right to declare the contract forfeited for Terrell's failure to make the promised payments at the time specified. In the said Gregory-Terrell contract, Gregory and wife were called "first parties," and Terrell was called "second party," and a portion of the contract recited:

"(3) Time being the essence of this contract, if party of the second part be in default, and if the parties of the first part be not in default hereunder, because of the uncertainty and difficulty of ascertaining actual damages by reason of such breach it is agreed that parties of the first part shall retain the cash payment made here-

---

[1] Terrell died pending appeal, and the cause has been duly revived in the name of his administratrix and others.

under as liquidated damages, and this contract thenceforth be at an end, provided parties of the first part shall notify party of the second part of such default and shall return the note hereinabove mentioned evidencing deferred payment.''

Terrell argues that Gregory had granted previous extensions, and that Terrell had a right to pay the note, even after Gregory had declared the default. But Terrell's argument overlooks the fact that the contract stated that ''time was of the essence.'' In all previous instances when Gregory had granted an extension, a written endorsement of such fact had been made on the contract; whereas when the maturity date of July 21, 1950, arrived, Terrell does not allege that he made any effort to gain a further extension. Instead—so far as the pleadings show—he delayed not only until Gregory declared the default, but also for nearly thirty days thereafter, before filing this suit. *Souter* v. *Witt*, 87 Ark. 593, 113 S. W. 800, 128 A. S. R. 40, is a case in many respects similar to the one at bar. In that case, as here, the contract contained a clause making time of the essence of the contract; and in that case, we upheld a forfeiture declared under the provisions of the contract.[2]

Likewise, in *Wright* v. *Burlison,* 198 Ark. 187, 128 S. W. 2d 238, we said:

''The terms and provisions of the contract are clear and unambiguous. Time was specifically declared to be the essence of it, and upon the failure of appellant to comply with any of its terms the contract is declared to be null and void and all rights of the appellant forfeited under it. The undisputed evidence shows that she failed to pay the last two notes of $500 each falling due, the one October 1, 1929, and the other October 1, 1930, that she paid no taxes since 1930, and thereby we think forfeited her rights under the contract. In *Carpenter* v. *Thornburn,* 76 Ark. 578, 89 S. W. 1047, this court in quoting from Pomeroy's Equity Jurisprudence (4th Ed.), Vol. 1, § 455, said: 'It is well settled that when the parties have so stipulated as to make the time of payment of the

---

[2] For a more recent case involving a forfeiture clause in a real estate contract, see *White* v. *Page,* 216 Ark. 632, 226 S. W. 2d 973.

essence of the contract, within the view of equity as well as of the law, a court of equity cannot relieve a vendee who has made default.' See, also, *Souter* v. *Witt,* 87 Ark. 593, 113 S. W. 800, 128 Am. St. Rep. 40, 107 A. L. R. 380, and *Comer* v. *Comer,* 181 Ark. 339, 26 S. W. 2d 89.''

The mere fact that Gregory had in previous instances extended the maturity date of the note, does not lead to the inevitable conclusion—as a matter of law—that Gregory was bound to grant extensions past July 21, 1950. To say the least, Terrell, instead of standing on his demurrer, could have pleaded ''waiver'' against the claimed forfeiture, and under such plea could have developed the facts as to whether from the previous conduct of the parties, Terrell had been lulled into an assurance of such extension. But Terrell did not elect to develop the facts: he demurred to Gregory's answer. When we read the paragraph of the contract making time of the essence and allowing Gregory to declare a default—all of which was set out in Gregory's answer—we reach the inescapable conclusion that the answer stated facts which, if established, would be sufficient to constitute a defense. The effect of Terrell's demurrer was to admit as true all the facts well pleaded in Gregory's answer. West's Ark. Digest ''Pleading,'' § 214 and § 217.

Terrell insists that he was entitled to a reasonable time to make the payment, which time began *after* Gregory declared the default; and in support thereof, he cites Pomeroy's Equity Jurisprudence (5th Ed.), Vol. 4, § 1407 (a):

''Where the stipulations are mutual and dependent, —that is, where a deed is to be delivered upon payment of price—an actual tender and demand by one party is necessary to put the other in default and to cut off his right to treat the contract as still subsisting.''

But the above quoted language from Pomeroy is not applicable to the situation existing in the case at bar. The language in Pomeroy, immediately following the above quoted language, is applicable to the situation. Such language is:

*"Time essential.*—Where the time of payment by the vendee is made *essential* and *a fortiori* where, if his payments are not made on the exact day named, the vendor may treat the contract as at an end, the vendee must make an actual tender of the price and a demand of the deed at a specified time."

Time was of the essence of the contract here involved. Gregory declared the contract forfeited on Terrell's default of payment, and so notified Terrell, and returned the unpaid note to him. With all this admitted by Terrell's demurrer, the Chancery Court was correct in dismissing Terrell's suit for specific performance.

Affirmed.