NORWOOD *v.* NORWOOD.

5-844                    288 S. W. 2d 39

Opinion delivered March 19, 1956.

*Rex W. Perkins* and *E. J. Ball,* for appellant.

*Price Dickson, W. B. Putman* and *Suzanne Chalfant Lighton,* for appellee.

J. SEABORN HOLT, Associate Justice. This appeal involves the right of a second mortgage holder, who was a constructively summoned non-resident defendant, to set aside a foreclosure decree, within the two-year period [§ 27-1907 Ark. Stats. 1947].

Appellee, Mae E. Norwood, held a first mortgage on land in Washington County to secure an indebtedness of $4,725.16. C. C. Norwood, appellant, held a second mortgage to secure an indebtedness of $4,500.00. February 14, 1954, Mae Norwood filed suit to foreclose against Bryan Norwood, Mortgagor, personally. She later amended her complaint making C. C. Norwood a party, defendant. He was a non-resident of Arkansas and service was had upon him by publication. Bryan Norwood and C. C. Norwood did not appear in the cause and a default decree of foreclosure was entered against them August 16, 1954. Sale of the property was had September 17, 1954, and Mae Norwood purchased the property for $3,500.00. The sale was subsequently confirmed. Thereafter, December 17, 1954, C. C. Norwood filed petition to set aside the foreclosure decree above and sought the right to redeem the property, alleging, in effect, that while the foreclosure proceedings were pending Mae Norwood (appellee) agreed with them: ". . . not (to) pursue further her complaint for fore-

closure . . . and that the said Mae E. Norwood, Bryan Norwood and C. C. Norwood would endeavor to sell the premises subject to the first mortgage of Mae E. Norwood and the second mortgage of petitioner, and that from the said proceeds of the sale of said premises Mae A. Norwood would be paid in full for his claim, and that the balance, if any, would be paid to Bryan Norwood . . . Petitioner further states that he is ready, willing and able to pay the claims due and owing to Mae E. Norwood, and that he tenders into Court the sum of $5,140.97 to cover all of said claim. (Tr. 41) . . . that the sum of $342.56 should be disallowed as a claim of the said Mae E. Norwood for the reason that she is not entitled to an allowance for attorney's fees; that the sum of $306.56 be disallowed for the reason that said sum was not expended on the property described in said foreclosure proceeding.''

He further alleged that appellee's actions were in effect a fraud on the court and he had a meritorious defense. From a decree of March 4, 1955, dismissing appellant's petition for want of equity, is this appeal. For reversal appellant argues the one point that: ''The foreclosure decree should be set aside under Arkansas Statute 1947 (Sec. 27-1907). The trial court erred in holding to the contrary.''

It appears undisputed, as indicated, that Mae Norwood procured a default foreclosure decree, the sale of the real property in question under that decree and the confirmation thereof. It is also not disputed that C. C. Norwood, the second mortgagee, was constructively summoned, and that the foreclosure proceedings were had in default of his appearance in said case. It also appears that appellant's petition to set aside the default decree was filed approximately 44 days after it was rendered.

Section 27-1907 Ark. Stats. 1947 provides: ''New trial where defendant constructively summoned—Time —Power of court on new trial. —Where a judgment has been rendered against a defendant or defendants constructively summoned and who did not appear, such

defendants or any one or more of them may at any time within two [2] years, and not thereafter, after the rendition of the judgment appear in open court and move to have the action retried; and security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or defendants as if there had been no judgment, and upon the new trial the court may confirm, modify or set aside the former judgment and may order the plaintiff in the action to restore to any such defendant or defendants any money of such defendant or defendants paid to them under such judgment, or any property of such defendants obtained by the plaintiff under it and yet remaining in his possession and pay to the defendant the value of any property which may have been taken under an attachment in the action or under the judgment and not restored; Provided the provisions of this section shall not .apply to judgments granting a divorce except so far as related to alimony.''

In construing the effects of this section of the statute in *Wright* v. *Burlison,* 198 Ark. 187, 128 S. W. 2d 238, we used this language: ''It is true, as appellant contends that she had the right under the above section of the statute, to come in within the two-year period, ask the court to set aside the decree of foreclosure rendered on constructive service against her, and make her defense upon giving the bond for costs required. It was not necessary for her to first show a meritorious defense, nor should she have been required to assume the burden of proof . . . They have no right, however, to have the former judgment, meanwhile, vacated on motion. It remains until the case is re-tried, to be then confirmed, modified or set aside. Nevertheless, if the court should refuse to admit a defendant to make defense, and the answer which he proposes to file should not disclose any substantial right, the error would not be so prejudicial to him as to require correction. If the defense is incorporated with the motion, it may be considered to include all the defendant means to stand upon.''

The record here reflects that appellant, C. C. Norwood, was permitted to plead all defenses on which he elected to stand and to present the testimony of a great many witnesses claimed to be in support thereof. In the circumstances he has had the retrial vouchsafed to him under the above statute and after a review of all the testimony presented by all the parties to this litigation we are unable to say that the findings and decree of the chancellor, were against the preponderance of the evidence. Appellant has failed to show any defense to the foreclosure decree, after, as indicated, he was given a full opportunity so to do, and we, therefore, hold that the decree must remain in full force and effect.

We also hold that there was no right of redemption accorded to appellant under the above section, § 27-1907, from the foreclosure sale. We said in *Horn* v. *Hull*, 169 Ark. 463, 275 S. W. 905, "The statute [§ 27-1907] provides that a defendant constructively summoned, and who does not appear, may at any time within two years, and not thereafter, after the rendition of the judgment appear in open court and move to have the action retried. In such cases there is no right of redemption from the sale of the mortgaged property, and the only remedy for the defendant is that afforded by the statute, to have a retrial of the cause and, if successful, to obtain an order on the plaintiff for a restitution of the proceeds of the sale of the property. *Gleason* v. *Boone*, 123 Ark. 523 . . . mere inadequacy of price is no ground for setting aside a judicial sale unless it is so gross as to raise a presumption of fraud or unfairness." *See Hughes—Arkansas Mortgages*—Sec. 458.

The rule announced in *Horn* v. *Hull, supra,* that a defendant constructively summoned does not have a right of redemption during the two-year period, is manifestly sound. If such a right of redemption were permitted it is clear that no one would be willing to bid the full value of the mortgaged property at the foreclosure sale, for the purchaser would not be free to improve or sell the property until the expiration of two years. The non-resident defendant would thus be given an opportunity to speculate, without risk, upon the possibility that

the property might increase in value. Moreover, every mortgagor would have the power to obtain a two-year extension of the time for payment by merely recording a quitclaim deed to a nonresident friend or relative. It would then be necessary to join the non-resident grantee as a defendant when suit was brought to foreclose, and the equity of redemption would be automatically extended for two years. In the case at bar C. C. Norwood was granted a retrial of the case and has failed to show any error in the original proceedings. That is all the relief that he is entitled to under the statute.

Affirmed.

Chief Justice SEAMSTER not participating.